IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

NO. 3:23-CR-119-FDW-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | UNITED STATES' MOTION FOR |
| v. | ) | ALTERNATIVE VICTIM NOTIFICATION |
| | ) | UNDER 18 U.S.C. § 3771(d)(2) |
| | ) | |
| RICHARD PAUL NOLAN | ) | |

The United States of America, by and through the United States Attorney for the Western District of North Carolina Dena J. King, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime

victim is afforded" those rights.  18 U.S.C. § 3771(b).  The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e).  Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings.  Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings.  *Id*.

Defendant, Richard Paul Nolan, has been charged to conspiracy to commit wire fraud in the above-captioned matter.  Doc. 3.  According to information contained in the filed Bill of Indictment (Document 3), the defendant, Richard Paul Nolan, is alleged to have conspired with others to enrich himself through the routing of technical support fraud call traffic to various call centers.  The technical support fraud conspiracy is alleged to have involved the use of malicious pop-ups to trick computer users into believing that their computers or internet networks were experiencing errors, viruses, intrusions, or other infirmities which required technical support to fix.  The pop-ups directed the victims to contact a technical support center through phone numbers listed in the pop-ups.  Those phone numbers directed the victims to independent call centers located in the Republic of India, who proceeded to further misrepresent the presence of computer or network infirmities in order to cause the victims to pay for non-existent technical support to fix the fictitious computer or network issues identified in the pop-ups.  In reality, the

2

pop-ups were designed by the pop-up publishers to trick computer users into contacting the call centers for fictitious issues. The call traffic generated by the pop-ups was sold to call centers at a set rate per call. Nolan worked with certain publishers of malicious internet pop-ups to route this call traffic to the call centers and earned fees from the call traffic. Nolan and his publisher co-conspirators were paid for the call traffic before the call occurred and were not paid based on the illicit income of the call centers from individual victims. The actual victim transactions occurred between victims and the various call centers to which they were routed. It should be noted that it may be difficult for victims to identify that they have been victimized by a particular call center because the call centers used various corporate entity names to conduct the transactions.

During this investigation, the government seized call traffic records from Nolan's call routing platform, which routed the calls from the pop-ups to the call centers. These records reflect millions of technical support fraud calls to various call centers, including the date of the call, the phone numbers involved, and often recordings of the calls themselves. These records include technical support fraud calls generated by various pop-up call publishers executed by various call centers.

Based on the limited data available, it is difficult if not impossible to determine the identities of all of the victims who were successfully defrauded by call centers of technical support fees vis-à-vis call traffic routed by Nolan. Thus, an alternative victim notification procedure is necessary. Given the volume of call records and the investigative time and resources required to specifically identify victims, it is impracticable for either the government or the Court to accord all of the other victims in this case the notice required by subsection 3771(a). Therefore, due to the large number of victims in this case, the government intends to use the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-

3

specific website that will be established by the United States Attorney's Office for the Western District of North Carolina. The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents, such as the charging documents and plea agreement. The website also would contain an e mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

This Motion seeks the Court's permission to use this alternative victim notification method to comply with the Act. Following the implementation of this website, the United States will use the phone numbers of any self-identified victims of the fraud scheme to search through the aforementioned call records and attempt to determine if each victim was victimized by a call routed by Nolan.

In addition, the investigation is ongoing. All alternative victim notification methods could potentially notify co-conspirators of the existence of the federal investigation. Notification at this time could give those individuals an opportunity to flee from prosecution and destroy evidence. Accordingly, this Motion seeks the Court's permission to delay the implementation of the proposed alternative victim notification method until a time at which the risk of notifying co-conspirators of the existence of this investigation is mitigated. The United States will, in any event, execute the proposed alternative victim notification protocol prior to the potential sentencing of Nolan.

The government has consulted with defense counsel, Scott Reisch and Mark Jones, who do not oppose this Motion.

## CONCLUSION

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures.

Respectfully submitted this 9th day of January, 2024.

DENA J. KING
UNITED STATES ATTORNEY

Matthew Warren
Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
227 West Trade Street Suite 1700
Charlotte, North Carolina 28202
Telephone: 704.344.6222
E-mail: matthew.warren@usdoj.gov

5