IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

NO. 3:23-CR-119-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| RICHARD PAUL NOLAN | ) | |

This matter comes before the Court by motion of the United States for alternative victim notification pursuant to 18 U.S.C. § 3771(d)(2). Under 18 U.S.C. § 3771(a)(2), crime victims have a right to "reasonable, accurate, and timely notice" of public court proceedings. The statute provides the Court with some flexibility in fashioning the method of such notice when there are a large number of victims:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 3771(d)(2).

In this case, Defendant Richard Paul Nolan is alleged to have conspired with others to enrich himself through the routing of technical support fraud call traffic to various call centers. The technical support fraud conspiracy is alleged to have involved the use of malicious pop-ups to trick computer users into believing that their computers or internet networks were experiencing errors, viruses, intrusions, or other infirmities which required technical support to fix. The pop-ups directed the victims to contact a technical support center through phone numbers listed in the pop-ups. Those phone numbers directed the victims to independent call centers located in the Republic of India, who proceeded to further misrepresent the presence of computer or network infirmities in order to

1

cause the victims to pay for non-existent technical support to fix the fictitious computer or network issues identified in the pop-ups. In reality, the pop-ups were designed by the pop-up publishers to trick computer users into contacting the call centers for fictitious issues. The call traffic generated by the pop-ups was sold to call centers at a set rate per call. Nolan worked with certain publishers of malicious internet pop-ups to route this call traffic to the call centers and earned fees from the sales of the traffic.

According to the government's motion, the government has identified millions of call records of potential victims. The government contends, and the Court agrees, that the volume of calls, the nature of the fraud, the available victim identification evidence, and the investigative resources required to identify the victims defrauded by call centers on calls routed by Nolan make compliance with the notification requirements and rights outlined in section 3771(a), (b), and (c) impracticable. The government seeks authorization to provide an alternate means to provide notice to the large number of crime victims in this case. In its motion, the government sets out its proposed actions to comply with 18 U.S.C. § 3771. The Court finds the proposal meritorious and **GRANTS** the government's motion.

Under these circumstances, 18 U.S.C. § 3771(d)(2) of the Crimes Victims' Rights Act gives the Court authority to "fashion a reasonable procedure to give effect to this chapter that does not unduly compliance or prolong the proceedings." Therefore, the Court finds that: (1) the "multiple victim" provisions of 18 U.S.C. § 3771(d)(2) apply to the above-captioned matter; (2) it is impractical, because of the number of the victims, for the government and the Court to identify or provide notice of proceedings to all the direct and proximate victims of the charged offense, on an individual basis, without unduly complicating or prolonging the proceedings; and (3) the proposal set forth in the government's motion is a "reasonable procedure" to give effect to the provisions of

18 U.S.C. § 3771.

Accordingly, it is hereby **ORDERED** that the government is authorized to comply with the provision of 18 U.S.C. 3771(a)(2) in the above -entitled cause by providing notice of the court proceedings through the use of a website as a reasonable alternative procedure for notifying crime victims in this case. All required notices are to be posted on the case-specific website. This protocol is to be implemented at a later date as the state of the investigation permits, but any event prior to the sentencing hearing of the defendant.

**SO ORDERED.**

Signed: January 9, 2024

Frank D. Whitney
United States District Judge